**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1182-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

IVAN GLASGOW, a/k/a IVAN BROWN,
IVAN GOLDEN, IVAN GLASSGOW,

    Defendant-Appellant.

_____

Submitted March 6, 2017 — Decided  March 17, 2017

Before Judges Nugent and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Camden County, Accusation No.
12-05-1405.

Joseph E. Krakora, Public Defender, attorney
for appellant (Abby P. Schwartz, Designated
Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor,
attorney for respondent (Linda A. Shashoua,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

    Defendant Ivan Glasgow appeals from the October 13, 2015 Law

Division order denying his petition for post-conviction relief

(PCR) without an evidentiary hearing. On appeal, defendant raises two points:

POINT I

BY FAILING TO INVESTIGATE THE SOURCE OF THE MONEY SEIZED FROM PETITIONER'S APARTMENT, THE SAFE DEPOSIT BOXES, AND THE STORAGE UNIT, PETITIONER WAS DENIED THE [EFFECTIVE] ASSISTANCE OF COUNSEL AS SOME OF THIS MONEY WAS NOT DRUG RELATED BUT RATHER RELATED TO OTHER, LEGITIMATE BUSINESSES. AS SUCH, THE AMOUNT OF MONEY WOULD HAVE IMPACTED THE PLEA OFFER. COUNSEL'S FAILURE TO INVESTIGATE THIS PRIOR TO THE PLEA BARGAIN WAS INEFFECTIVE AND VIOLATED PETITIONER'S RIGHTS TO DUE PROCESS AND TO A FAIR TRIAL.

POINT II

IN THIS CASE, THERE WAS NO REQUIREMENT THAT THERE BE AN APPEAL PRIOR TO FILING A PETITION FOR POST-CONVICTION RELIEF.

For the reasons that follow, we affirm.

Following his arrest, defendant waived his right to have the charges presented to a grand jury, accepted the State's plea offer, and pled guilty to both counts of an accusation. The accusation charged him with first-degree manufacturing, distributing, or dispensing a controlled dangerous substance (CDS), cocaine, N.J.S.A. 2C:35-5(b)(1), and second-degree possession of a weapon while committing a CDS offense, N.J.S.A. 2C:39-4.1. In accordance with the plea agreement, a judge sentenced defendant to a ten-year custodial term with five years of parole ineligibility on the

first count, and to a consecutive six-year custodial term with three years of parole ineligibility on the second count. Two and one-half years later, defendant filed his PCR petition.

In his pro se petition, defendant alleged: illegal sentence; counsel failed to investigate; counsel was ineffective during the plea process; and counsel failed to file an appeal. Defendant filed an affidavit and pro se brief in support of his petition. In his affidavit, defendant asserted his sentence was illegal and information provided during the plea process should not have been used against him at sentencing. Defendant also alleged his counsel was ineffective for the following reasons: failing to investigate defendant's "legitimate assets and financial transactions, origin, source, ownership or control of taxable income or proceeds"; failing "to object [to] civil rules being applied to [a] criminal offense" during plea negotiations; failing to provide defendant with discovery after defendant requested it; and failing to file an appeal.

In addition to his own affidavit, defendant submitted documents concerning income he had earned and a statement from his sister that defense counsel never spoke to her about financial documents in her possession and legitimate sources of defendant's income.

A-1182-15T4

Following the filing of these pleadings by defendant, the court appointed counsel, who filed a supplemental brief. The court conducted oral argument on defendant's petition and reserved decision. In an October 13, 2015 written decision, the court denied defendant's petition.

According to the court's written decision, a confidential informant ("CI") reported to the Gloucester Township Police that an individual, later identified as defendant, was selling crack cocaine out of his apartment. The CI made three controlled buys from defendant, which led to the police obtaining and executing a search warrant at defendant's apartment. The police seized from defendant's bedroom a loaded handgun, forty-three bags of crack cocaine, a stun gun, a crossbow and arrows, and $7009. The police also seized from defendant's living room seventy bags of crack cocaine, narcotics packaging, mail, and two large flat screen televisions.

The police arrested defendant, who waived his Miranda[1] rights. He disclosed he had four ounces of cocaine, four ounces of crack cocaine, and two handguns in various storage units. He also admitted having $6000 in a safe deposit box and $5900 in another safe deposit box.

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

A-1182-15T4

The police obtained another warrant and searched defendant's storage units and safe deposit boxes. They seized $30,100, five one-ounce bags of powder cocaine, four one-ounce bags of crack cocaine, and two handguns, one of which was defaced.

The police charged defendant and initiated forfeiture proceedings for the cash and guns. The court stayed the forfeiture proceedings pending the outcome of the criminal proceedings.

After recounting these facts, the court analyzed defendant's arguments. Rejecting defendant's argument that counsel was ineffective for failing to investigate the legitimate sources of the cash seized by police, the court explained that none of the documents provided by defendant demonstrated that the seized cash came from legitimate sources. Additionally, the court noted though defendant had "submitted a properly-sworn affidavit from defendant's sister, this affidavit does not indicate what an investigation of the 'financial records' would have revealed." The court further explained defendant had not offered factual support, including documentation, to substantiate the facts he claimed his counsel's investigation would have revealed. The court also undertook a detailed analysis of the claims defendant raised in his PCR petition, which he has not raised on appeal.

We affirm, substantially for the reasons expressed by Judge Steven J. Polansky in his written decision. We add only the following brief comments.

Here, as Judge Polansky explained, defendant did not establish by competent evidence what counsel's investigation of his financial records would have revealed. Defendant's appeal suffers from the same deficiency. Defendant has not explained how counsel's investigation would have demonstrated that the cash seized by police was income earned from legitimate sources. Defendant's unsupported assertions are not competent evidence. More important, defendant has not explained, in view of the quantity of drugs and drug paraphernalia seized from him, how showing some cash came from legitimate sources would have affected his evaluation of the State's case and his decision to plead guilty. Once again, defendant has made nothing more than a conclusory assertion that somehow the amount of cash seized by police affected his decision to plead guilty. Conclusory assertions are insufficient to establish an ineffective-assistance-of-counsel claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Because defendant did not establish a prima facie case of ineffective assistance of counsel, he was not entitled to an

evidentiary hearing.  R. 3:22-10(b); State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION